## Case No. 10,436.

ODORLESS EXCAVATING APPARATUS CO. v. McCAULEY et al.

[2 Ban. & A. 570.] [1]

Circuit Court, D. Maryland. March, 1877.

PATENTS—VALIDITY—INFRINGEMENT.

The complainant's patents, viz.: one granted to Louis Straus, dated January 28th, 1868, for an "improvement in apparatus for cleaning privies;" one granted to William Painter, dated August 5th, 1873, for an "improvement in pump-valves;" and one granted to William Painter and Lewis R. Keizer, dated October 6th, 1874, for an "improvement in pumps for emptying cesspools"; held, to be valid, and that the defendants infringe the same.

[This was a bill in equity by the Odorless Excavating Apparatus Company against Reuben A. McCauley and others.]

J. H. B. Latrobe and Benjamin Price, for complainant.

S. Wilmer and G. H. Howard, for defendants.

GILES, District Judge. The questions in dispute grow out of three patents: one granted to Louis Straus, dated January 28th, 1868 [No. 73,938], for "a new and useful improvement in apparatus for cleaning privies"; another, granted to Wm. Painter, dated August 5th, 1873 [No. 141,587], for "a new and useful improvement in pump-valves"; and a third, granted to Wm. Painter and Lewis R. Keizer, dated October 6th, 1874 [No. 155,670], for "a new and useful improvement in pumps for emptying cesspools." About the complainant's title there is no difficulty; it is admitted. The only questions for consideration relate to the validity of the patents and the alleged infringement thereof.

Taking them in their order, and beginning with Straus' patent, I understand it to mean a tank, a deodorizer and a forcing-pump; or, in other words, a pump which, in addition to the power of creating a vacuum—thereby drawing the matter to be removed into its barrel—has the power of forcing it through a suitable hose-pipe into the tank. Bearing this in mind, we have at once a standard by which to compare the inventions which have been offered in evidence in the shape of letters patent and printed publications. Without going into the examination of these in detail, it is enough to say, that in not one of them have I been able to find an anticipation of the combination described in Straus' first claim, to wit: A reservoir or receiving-tank, a deodorizer and a forcing-engine, by which, as already said, I understand a forcing-pump. Certainly, Poole's endless chain with buckets attached, cannot be regarded as a forcing-pump, and other supposed anticipations are open to the same criticism.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

In the Painter patent, the third claim is as follows: "In combination with a flap-valve, the stiffeners or braces F, F, arranged at the base to prevent collapsing, substantially as described." Straus, in his forcing-pump, used slide-valves, and one of his claims was for constructing them with cutting edges, so as to facilitate the passage, through his engine or pump, of matter that, if uncut, might choke the valves. Although this machine was an operative one, it was susceptible of improvement, and this was apparently the object of Painter, who employed a valve of india-rubber, whose opposite faces, clasping around any hard object passing between them, would make a tight joint. But a valve of this form was liable to be turned inside out, or, as the witnesses say, technically, to "introversion." To obviate such a result, the stiffeners or braces described in the specification were employed by Painter, whose valve thus became a combination of the flexible and inflexible features.

It has been urged that the Rice patent, which was a contrivance for getting out gravel from the bottom of a well made by boring, was in anticipation of the Painter patent, and much stress was laid on it in the argument. I do not so consider it, neither do I so regard any other of the patents or foreign publications offered in evidence by the defence. It was argued, too, that there was a change in the Straus combination, by the use of the Painter valve in place of the slide-valve of the patentee, which brought this case within the operation of the well-known doctrine laid down in Seymour v. Osborne [11 Wall. (78 U. S.) 516], and Gill v. Wells [22 Wall (89 U. S.) 1], in regard to equivalents. But I do not so hold. The pump or forcing-engine of Straus still remained a forcing-pump, whether it used the other valve with cutting edges or the valve of Painter—the combination was unchanged. Other supposed anticipations of the Painter valve have been offered in evidence, but while in some I find the flexible element, in none of them do I find it combined with stiffeners or braces, as described in his patent.

I now come to the consideration of the Painter and Keizer patent. Three claims of this are alleged to be infringed. The first is for a pump-cylinder with open ends, combined with a valve-piston with rods adjacent to the interior walls of the cylinder, and valves seated practically parallel with its axis; the second is for a modification of the first claim, looking to the same general results; and the third is for a portable pump, in this connection, mounted on an inclined platform. Numerous defences to the alleged infringement of this patent, consisting of supposed anticipations and foreign publications, were made, and I have carefully examined them all. In some there are similar elements to be found, but in none of them is there the same combination, so that I have to hold the defence, resting on the ground of want of originality, as not sustained, and that the prima facie proof of originality, which the production of the patent has given to the complainant, has not been overthrown.

There remains but one question to be considered, viz. the question of infringement, and here the burden of proof is upon the complainants. The exhibits of the machines have afforded great aid to the court. They are undisputed. Portions of two of the machines themselves, employed respectively by complainant and defendants, have been produced in court, as also drawings of the whole apparatus as actually used. A working model, with a glass cylinder, in which the respective valves could be employed alternately, has also aided the court, and from their inspection I hold them to operate upon the same principle, and in the same way. They are both flexible valves, and both are stiffened at the base—complainant's with straps of metal, and defendant's with metal in one piece. They both are, therefore, the same device. This is not a case of equivalents, but is one that comes within the principle laid down by the supreme court, in Gould v. Rees, 15 Wall. [82 U. S.] 192: "Mere formal alterations of a combination in letters patent do not constitute any defence to the charge of infringement, as the inventor of a combination is as much entitled to suppress every other combination of the same ingredients to produce the same result, not substantially different from what he has patented and caused to be patented, as the inventor of any other patented improvement."

The above considerations, together with the oral and uncontradicted testimony, have left no doubt in my mind that the infringements are palpable, and I will sign a decree granting a perpetual injunction and an account.

[NOTE. For another case involving this patent, see Odorless Excavating Co. v. Lauman, 12 Fed. 788. The plaintiffs were the owners also of another patent assigned from Lewis R. Keizer, assignee of Henry C. Bull, patent No. 6,962, reissued February 29, 1876. This patent was declared valid by circuit court (Case No. 10,437), but the supreme court reversed this decision (109 U. S. 641, 3 Sup. Ct. 525).]